QUESTION PRESENTED AND CONCLUSION Question: Whether section 24-80.5-101(3)(a)(1), C.R.S. (2009), which requires that one percent of each "capital construction appropriation for a public construction project" be set aside for the Arts in Public Places Program, applies to those capital construction projects financed by certificates of participation through the Higher Education Federal Mineral Lease Revenues Fund.
Answer: No. Given the nature of the financing scheme involved, the use of moneys in the Higher Education Federal Mineral Lease Revenues Fund to fund certificates of participation cannot be considered a "capital construction appropriation" triggering the one percent set-aside for the Arts in Public Places Program under section 24-80.5-101(3)(a)(1), C.R.S. (2009).
 BACKGROUND
In 2008, the General Assembly enacted Senate Bill 08-218, which established the Higher Education Federal Mineral Lease Revenues Fund and provided that certain federal mineral lease revenues would be deposited in that fund. That Bill, in conjunction with Senate Bill 08-233, specified that certain higher education capital construction projects approved by the General Assembly would be financed utilizing lease-purchase agreements *Page 2 
executed by the State Treasurer, to be paid for by the funds deposited into the Higher Education Federal Mineral Lease Revenues Fund. The projects to be financed under these Bills were identified and approved by the General Assembly in House Joint Resolution 08-1042. The total amount of certificates of participation financed under this program for capital construction at state-supported institutions of higher education was $230,845,000.00.
Recently the question has arisen whether the higher education construction projects being financed under this scheme fall within the ambit of the Art in Public Places Program created by section 24-80.5-101 to 102, C.R.S. (2009). This Program specifies that "a portion of each capital construction appropriation
[shall] be allocated for the acquisition of works of art to be placed in public places." Section 24-80.5-101(1)(a), C.R.S. (2009) (emphasis added). The statute goes on to state that "[e]ach capital construction appropriation for a public construction project shall include as a nondeductible item an allocation of not less than one percent of the capital construction costs to be used for the acquisition of works of art. . ." Section 24-80.5-101(3)(a)(I), C.R.S. (2009) (emphasis added). Under the statute, it is the "appropriation" that is subject to the one percent for the arts requirement; not necessarily the capital construction project itself. Indeed, the statute goes on to list a variety of projects for which the arts allocation is not required.
The question is whether the certificates of participation financed by lease payments being paid from the Higher Education Federal Mineral Lease Revenues Fund under the financing scheme described above can be considered "capital construction appropriations" under the terms of section 24-80.5-101, C.R.S. (2009). As discussed below, the answer is no.
 DISCUSSION
I. The Higher Education Federal Mineral Lease RevenuesFund
We first turn to the structure of the Higher Education Federal Mineral Lease Revenues Fund. Senate Bill 08-218 created the Higher Education Federal Mineral Lease Revenues, and the Higher Education Maintenance and Reserve Funds:
 (1)(a) The higher education federal mineral lease revenues fund is hereby created in the state treasury. For the 2008-09 fiscal year and for each succeeding fiscal year, the lesser of the first fifty million dollars of the total amount of moneys required to be transferred to the revenues fund and the maintenance and reserve fund pursuant to section 34-63-102(5.5), C.R.S., or all of such moneys shall be transferred to the revenues fund and the remainder of such moneys shall be transferred to the maintenance and reserve fund. Interest and income derived from the deposit and investment of the revenues fund shall remain in *Page 3 
the revenues fund and shall not be transferred to the general fund or any other fund at the end of any fiscal year. The state treasurer may invest the revenues fund in any investment in which the board of trustees of the public employees' retirement association may invest the funds of the association pursuant to section 24-51-206, C.R.S.
Section 23-19.9-102(1)(a), C.R.S. (2009). Senate Bill 08-218 goes on to provide that:
 (b) The general assembly may annually appropriate moneys in the revenues fund to directly pay for or pay the costs of financing capital construction projects at state-supported institutions of higher education that are included on a prioritized list of such projects specified in a joint resolution that has taken effect in accordance with section 39 of article V
of the state constitution after being sponsored by the joint budget committee of the general assembly, approved by the general assembly, and presented to the governor pursuant to section 23-1-106.3(1)(b), enacted by Senate Bill 08-233, enacted at the second regular session of the sixty-sixth general assembly.
Section 23-19.9-102(1)(b), C.R.S. (2009). Pursuant to these statutory sections, the General Assembly in Senate Bill 08-233 appropriated, out of moneys in the Higher Education Federal Mineral Lease Revenues Fund, the sum of $10,000,000.00 beginning July 1, 2008 to make lease purchase payments at state-supported institutions of higher education in order to implement the Act. Senate Bill 08-233, Section 4(1).
Senate Bill 08-233 also required the Colorado Commission on Higher Education and the Office of State Planning and Budgeting to submit to the General Assembly's Capital Development Committee a prioritized list of capital construction projects at state-supported institutions of higher education to be financed by the Treasurer through lease purchase transactions funded from these revenues. Section 23-1-106.3, C.R.S. (2009). The Capital Development Committee reviewed the prioritized lists, and then submitted to the Joint Budget Committee a list of capital construction projects appropriate for lease-purchase agreements to be repaid from the revenues fund. The result was the passage of House Joint Resolution 08-1042, which contained the final prioritized list of some seventeen capital construction projects, and which authorized the State Treasurer to enter into lease-purchase agreements to finance these projects to be repaid from revenues from the fund.
II. Lease-Purchase Agreements and Certificates ofParticipation
Based upon the statutory authorization above, the State Treasurer established the Higher Education Capital Construction Lease Purchase Financing Program (the "Program") in order to implement the authorizing legislation. Pursuant to this Program, the State *Page 4 
Treasurer then executed a series of lease-purchase agreements and delivered certificates of participation to fund Trust project accounts for construction of twelve of the projects identified in House Joint Resolution 08-1042.
Under this Program, each of the 2008 Participating Institutions[1] entered into a Site Lease with the Trustee for a term of forty years dated November 6, 2008, pursuant to which each Participating Institution leased certain land and buildings owned by the Institution to the Trustee. The Trustee is not obligated to pay rent under the Site Lease, and the consideration to the Site Lessor for the right to use the Leased Property during the Site Lease Term is the deposit of proceeds of the Series 2008 Certificates of Participation into the Site Lessor's Project Account. These are the "2008 Leased Properties", and a list of such properties is attached as Exhibit A. Importantly, these 2008 Leased Properties are not the properties that are the subject of the capital construction projects approved by House Joint Resolution 08-1042. Rather, they are other existing properties and buildings owned by the respective Institutions that are being leased to the Trustee to finance the issuance of "certificates of participation" to finance capital construction of the projects. The 2008 Leased Properties were then leased back by the Trustee to the State of Colorado (the "2008 Lease"), and the State subleased the 2008 Leased Properties back to the respective Participating Institutions (other than Fort Lewis College) under subleases dated November 6, 2008.See Official Statement — State of Colorado Higher Education Capital Construction Lease Purchase Financing Program Certificates of Participation, Series 2008, pp. 3-4.
The 2008 Lease obligates the State to pay the Base Rent and Additional Rent during the Lease Term to the Trustee. The Trustee in turn issued the Series 2008 Certificates of Participation in the amount of $230,845,000.00 pursuant to a Master Trust Indenture and a Series 2008 Supplemental Trust Indenture, each also dated November 6, 2008. The principal and interest on the Series 2008 Certificates of Participation are then payable solely from the annually appropriated Base Rent and Additional Rent which is appropriated by the General Assembly from the Higher Education Federal Mineral Lease Revenues Fund. Should the State not appropriate, and therefore terminate the 2008 Lease in a particular year, the State would relinquish its right to use all of the 2008 Leased Properties through the term of the respective Site Leases.
III. The Issuance of Certificates of Participation does notConstitute a Capital Construction Appropriation
Under the financing scheme outlined above, the issuance of the 2008 Series Certificates of Participation do not constitute a "capital construction appropriation" as that *Page 5 
term is used in section 24-80.5-101(1)(a), C.R.S. (2009). Although it is true that, under section 23-19.9-102(1)(a), C.R.S. (2009), "The general assembly may annually appropriate moneys in the revenues fund to directly pay for or pay the costs of financing capital construction projects at state-supported institutions of higher education . . .", under the Program established by the State Treasurer, the amounts being appropriated by the General Assembly are not "capital construction appropriations". Rather, they are appropriations of lease payments under a Site Lease for existing properties and buildings. Moreover, the properties and buildings that are the subject of the Site Lease are not the properties that are undergoing the capital construction project. Rather, they are other, unrelated properties and buildings that have been leased to the Trustee as "collateral" for the overall project.
Nor are the funds raised by the 2008 Series Certificates of Participation in this case state funds. Rather, as determined by the State Controller, "the financed portion of the funds disbursed for the project are not State monies, but rather are part of the Trustee's estate." For this reason, the Office of State Planning and Budgeting has determined that the projects themselves (as distinct from the lease payments from the Fund) are not appropriated, and that the rules applicable to appropriated capital construction projects do not apply. See Letter from State Controller David J. McDermott to Participating Higher Education Controllers, dated November 7, 2008 ("It has been determined by OSPB that the projects will not be appropriated. . . ."); ("the rules applicable to appropriated capital construction projects will not apply").
 CONCLUSION
For the reasons set forth above, given the nature of the financing scheme involved, the use of moneys in the Higher Education Federal Mineral Lease Revenues Fund to pay Site Lease payments to fund the 2008 Series Certificates of Participation do not give rise to an obligation by the State to allocate one percent of the capital construction costs financed by the Certificates for the acquisition of works of art under section 24-80.5-101(3)(a)(I), C.R.S. (2009). Rather, the monies are appropriated for lease payments, and thus cannot be considered a "capital construction appropriation" triggering the one percent for the Arts in Public Places Program.
Issued this 15th day of January, 2010.
_________________________ JOHN W. SUTHERS Colorado Attorney General
[1] The "Participating Institutions" in the 2008 projects are the University of Northern Colorado, Colorado Northwestern Community College, Colorado State University — Pueblo, Colorado School of Mines, Colorado State University, Auraria Higher Education Center, Western State College, Mesa State College, University of Colorado-Colorado Springs, Morgan Community College, Front Range Community College — Larimer Campus, and Fort Lewis College.